## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.:   2016-05 |
| | ) | |
| JENNIFER BOWEN-DODOO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

### 1. PARTIES TO THE AGREEMENT

This agreement is entered into by and between defendant **JENNIFER BOWEN-DODOO,** and Michael Sheesley, attorney for **JENNIFER BOWEN-DODOO** and the United States Attorney for the District of the Virgin Islands. This agreement specifically excludes and does not bind any other territorial, state or federal agency, including the other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the defendant.

### 2.   TERMS

The parties agree to the following terms:

Defendant will plead guilty to Two of the Indictment charging Aiding and Abetting the Transportation of a Minor for the Purpose of Engaging in Sexual Activity, a violation of Title 18, United States Code, Sections 2423(b) and 2, which carries a statutory minimum sentence of ten (10) years imprisonment, a maximum statutory sentence of life imprisonment, a fine of not more than $250,000, a term of supervised release of not less than five years or life, and a special monetary assessment of $100.

Defendant acknowledges that the government can prove the following essential elements of Count Two of the Indictment:

USA v. Jennifer Bowen-Dodoo
Criminal No. 2016-05
Plea Agreement
Page 2

1. Defendant knowingly transported an individual within the Virgin Islands, a territory or possession of the United States;

2. At the time of transportation the individual was less than eighteen (18) years old; and

3. At the time of transportation defendant intended that the individual would engage in unlawful sexual activity.

(c) Defendant is pleading guilty because defendant is in fact guilty of the charges contained in Count Two of the Indictment. In pleading guilty, defendant acknowledges that should the case go to trial, the government could present evidence to support the charges beyond a reasonable doubt. In or around May 2015 the defendant aided and abetted an adult male in the transportation a female minor in the adult male's vehicle from an area within St. Thomas, Virgin Islands to another area within St. Thomas, Virgin Islands, for the purpose of engaging in sexual activity.

The government will show that due to the minor's age, defendant knew the minor could not legally engage in any such sexual activity, and that defendant could be charged with aiding and abetting Second Degree Aggravated Rape in violation of 14 V.I.C. §1700a(a), an offense under Virgin Islands Law. The government would also show that the Virgin Islands are a territory or possession of the United States.

(d) Upon the District Court's adjudication of guilt of defendant for violations of Title 18, United States Code, Section 2423(a) and 2, the United States Attorney for the District of the Virgin Islands agrees to seek the dismissal of the remaining count(s) of the Indictment, if any, at

USA v. Jennifer Bowen-Dodoo
Criminal No. 2016-05
Plea Agreement
Page 3

the time of the defendant's sentencing. Additionally, the United States Attorney for the District of the Virgin Islands will not file any further criminal charges against defendant arising out of the same transactions or occurrences to which the defendant has pled.

(e) Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

(f) Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if she is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

## 3. SENTENCING GUIDELINES

The parties understand and agree that the defendant will be sentenced in accordance with the United States Sentencing Guidelines which are advisory to the Court. Adverse rulings shall not be grounds for withdrawal of defendant's plea. The Court is not limited to consideration of the facts and events provided by the parties. The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties.

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which may be in dispute.

1. **Count One Base Offense Level.** The base offense level for Count Two (18 U.S.C. §

USA v. Jennifer Bowen-Dodoo
Criminal No. 2016-05
Plea Agreement
Page 4

2423(a)) is level 28 pursuant to USSG § 2G1.3

a.    **Specific Offense Characteristics**.   The following specific offense characteristics for Count One apply:

- A two level increase pursuant to USSG § 2G1.3(b)(1), because the victim was in the custody, care, or supervision of defendant.

- A two level increase pursuant to USSG § 2G1.3(b)(4), because of the commission of a sexual act or sexual contact.

b.    **Total Offense Level:   Level 32.**

c.    **Acceptance of Responsibility**.   The government agrees to recommend that the defendant receive credit for acceptance of responsibility at the time of sentencing, assuming the defendant does in fact clearly demonstrate acceptance of responsibility, in accordance with USSG §3E1.1.   Assuming the defendant does in fact accept responsibility, the government agrees to also file a motion requesting that the defendant receive an additional one point decrease in the offense level as contemplated by USSG § 3E1.1(b), so long as: (I) the Court determines that the total [combined] offense level is 16 or greater prior to the operation of USSG § 3E1.1; (ii) the defendant returns a signed copy of this plea agreement to the undersigned no later than April 1, 2016; and, (iii) the defendant thereafter actually enters plea of guilty at the time scheduled.

d.    **Criminal History Category**.   Based on information available at this time, the parties believe that the defendant's criminal history category is I.

e.    **Guideline Range**.   If the adjusted offense level is 29, and the criminal history category is I, the Sentencing Guidelines range is 87-108 months imprisonment.

USA v. Jennifer Bowen-Dodoo
Criminal No. 2016-05
Plea Agreement
Page 5

f.      **Fine Range.**   If the adjusted offense level is 29, the fine range is $15,000.00 to $150,000.00.   (USSG § 5E1.2(c)).

g.      **Supervised Release.**   The Sentencing Guidelines require a term of supervised release of 5 years to life. **U.S.S.G. § 5D1.2 (b).**

**Special Conditions of Supervised Release:**   The parties jointly recommend that the Court should impose the Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case.   The parties understand and agree that the recommended Special Conditions listed below are **not** binding upon the Court if it accepts this Guilty Plea Agreement, and that the Court may determine which Standard and Special Conditions to apply in this case.

1.      The defendant shall not possess any obscenity, pornography, erotica or nude images.   Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

2.      The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer.   The Court authorizes the release of the pre-sentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

3.      The Defendant may not have direct or indirect contact with children under the age of eighteen, unless approved in advance, in writing, by his probation officer.

USA v. Jennifer Bowen-Dodoo
Criminal No. 2016-05
Plea Agreement
Page 6

4.      The defendant may not engage in any paid occupation or volunteer service which exposes him either directly or indirectly to minors, unless approved in advance, in writing, by his probation officer.

5.      The defendant shall register as a sex offender with the appropriate authorities of any state, territory or Commonwealth in which he resides, is employed, or attends school.

6.      The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence and property, including any computer systems and its peripheral devices with the assistance of other law enforcement as necessary.   The defendant shall submit to the seizure of contraband found by the probation officer.   The defendant shall warn other occupants that the premises may be subject to searches.

7.      The defendant shall provide a DNA sample as directed by the probation officer.

8.      The defendant shall consent, at the direction of the probation officer, to having installed on his computer(s), any hardware or software systems to monitor his computer use.  Monitoring will occur on a random and/or regular basis.  The defendant will warn other occupants of or visitors to the premises of the existence of the monitoring software placed on his computer(s).

h.      **Departures**.  The parties agree that there are no grounds for departure from the applicable guideline range.

i.      If the defendant agrees to provide substantial assistance in the investigation or

USA v. Jennifer Bowen-Dodoo
Criminal No. 2016-05
Plea Agreement
Page 7

prosecution of another person, as defined in Fed. R. Crim. P. 35, or otherwise agrees to cooperate with the United States Attorney, a supplement to this plea agreement shall be submitted to the Court by the parties, in camera or under seal, and shall specifically refer to this Plea Agreement and shall define the terms of such assistance or cooperation, if any.

   j.  The defendant is aware that Title 18, United States Code, Section 3742, affords a defendant the right to appeal the sentence imposed.  Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742(a) or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  In addition, the defendant expressly waives the right to petition under 28 U.S.C. Section 2255, with the exception of a claim of ineffective assistant of counsel.  The defendant has discussed these rights with the defendant's attorney.  The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.  This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

   k.  The United States reserves its right to allocate fully.

## 4.  FORFEITURE

n/a

## 5.  VICTIM RESTITUTION

Pursuant to 18 U.S.C. § 3663A, restitution is mandatory and will be determined prior to sentencing.

USA v. Jennifer Bowen-Dodoo
Criminal No. 2016-05
Plea Agreement
Page 8

## 6.   CONCLUSION

There are no other agreements between the United States Attorney for the District of the

Virgin Islands and the defendant.    The defendant enters this agreement knowingly, voluntarily,

and upon advice of counsel.

Respectfully submitted,

RONALD W. SHARPE
UNITED STATES ATTORNEY

Dated:   April  /  , 2016

Chris Fisanick
Criminal Chief

Dated:   April  /  , 2016

Everard E. Potter
Assistant United States Attorney

Dated:   April  /  , 2016

Michael Sheesley
Attorney for Defendant

Dated:   April  /  , 2016

Jennifer Bowen-Dodoo
Defendant